**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CAMILA DAVALOS,

                    Plaintiff,

        - against -

NUNEZ DENTAL SERVICES, P.C. and
MARITZA NUNEZ, DDS,

                    Defendants.

Case No. _____

**COMPLAINT**

(Jury Trial Demanded)

        Plaintiff CAMILA DAVALOS ("Davalos" or "Plaintiff"), by and through her

undersigned counsel, as and for her Complaint ("Complaint") against defendants NUNEZ

DENTAL SERVICES, P.C. and MARITZA NUNEZ, DDS (collectively "Defendants"),

respectfully allege as follows:

<u>**BACKGROUND**</u>

        1.      This is an action for damages and injunctive relief relating to Defendants'

misappropriation, alteration, and unauthorized publication of images of Davalos, an

internationally renowned model, to promote their dental practice, Nunez Dental, located in

Jackson Heights, Queens, New York ("Nunez Dental" or, the "Practice").

        2.      As detailed below, Defendants' flagrant misappropriation, publication and

repeated republication of images of Davalos over the course of many years did not only violate

Davalos's statutory right of publicity, but was done for the obvious purpose of confusing the

public and potential Nunez Dental clientele as to Davalos's status as a patient of the Practice, as

to her sponsorship and promotion of the Practice, or as to her affiliation and association with the

Practice.

        3.      Indeed, as detailed herein and in the accompanying exhibits containing

1

Defendants' advertisements, Defendants effectively made Davalos the face of their Practice, including her not only on social media advertising, but brochures, posters, and other forms of advertisements. This occurred, via different mediums, for years.

4. Defendants' misappropriation and unauthorized use of Davalos' images, photos and likenesses (collectively, "Images"), constitutes, *inter alia*: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1)(A) and (B), which prohibit both false advertising and false or misleading use of a person's image for purposes of advertising; b) violation of New York Civil Rights Law §§ 50-51, which protects a person's right to privacy and publicity; and c) violation of New York's Deceptive Trade Practices Act (New York G.B.L. §349) which prohibits deceptive business practices; and d) unfair competition under New York law.

5. In addition to the actual, punitive and exemplary damages set forth below, Plaintiff likewise seek an Order from this Court permanently enjoining Defendants from using their Images to promote any Club, via any medium.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has stated claims under, *inter alia*, the Lanham Act, 28 U.S.C. § 1125(a), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. As set forth immediately below, Plaintiff is, and at all times relevant to this action was, a professional model, who resides in Medellin, Colombia.

8. According to publicly available records, defendant Nunez Dental is a corporation formed under the laws of the state of New York, with its principal place of business located at 82-11 37th Avenue, #704, Jackson Heights, New York 11372.

9. Upon information and belief, defendant Maritza Nunez, DDS ("Owner") is a

resident of the State of New York, and at all relevant times is the owner, principal and/or chief executive officer Nunez Dental.

10.     Venue is proper in the United States District Court for the Eastern District of New York because Queens County is Defendants' principal place of business.

11.     All parties have minimum contacts with Queens County, a significant portion of the alleged causes of action arose and accrued in Queens County, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Queens County.

## PARTIES

*Plaintiff*

12.     Plaintiff Camila Davalos ("Davalos") is an internationally renowned professional model, and a resident of Medellin, Colombia.

*Defendants*

13.     According to publicly available records, defendant Nunez Dental is a corporation formed under the laws of the state of New York, with its principal place of business located at 82-11 37th Avenue, #704, Jackson Heights, New York 11372.

14.     Upon information and belief, defendant Maritz Nunez, DDS ("Owner") is a resident of the State of New York, and at all relevant times is the owner, principal and/or chief executive officer Nunez Dental.  Upon information and belief, Owner, in her capacity as the owner, principal and/or chief executive officer of Nunez Dental maintains operational control over same, including all advertising relating thereto and did so during all times relevant to the allegations herein.

## FACTUAL ALLEGATIONS

15.     As set forth immediately below, Plaintiff is an extremely well-known professional model who earns her livelihood modeling and lending her image, likeness and persona to companies, brands, magazines and individuals for the purpose of sponsoring, promoting and advertising their goods, products and services.

16.     Plaintiff's career in the modeling industry places a high degree of value on her good will and reputation, which is critical in order to maximize her earning potential, book modeling contracts, and establish her individual brand.  In furtherance of establishing, and maintaining, her brand, Plaintiff is necessarily selective concerning the companies, and brands, for which they model.

17.     It is Plaintiff's standard practice, before appearing in a company or brand's advertisements or lending her image to a company for commercial purposes, to enter into a contract or release, which generally sets forth: a) the usages to which she is consenting; b) limitations on such usages; c) the time frame she is allowing the company or brand to use her image for commercial purposes; and, d) the compensation she is receiving for consenting to that company's usages.

18.     By misappropriating and repeatedly publishing Davalos' Images, Nunez Dental bypassed all negotiation with Davalos and all payment that Davalos would demand had she agreed to appear in Nunez Dental's advertisements in the first place.

19.     Davalos' Images was misappropriated, and intentionally altered, by one or more of the Defendants in order to make it appear that she was a patient of Nunez Dental, that she sponsored or promoted Nunez Dental, or that she was otherwise affiliated with Nunez Dental.

20.     As Defendants at all times knew, any such representation was false.

4

21.     In addition, Nunez Dental posted advertisements on the social media site of at least one nightclub that Plaintiff is aware of, that of La Boom nightclub, in Woodside, Queens, New York, where they advertised their services.  (*See* Exhibit B).

22.     Plaintiff intends to learn during discovery on which other third-party sites Defendants' published advertisements containing Davalos' image.

23.     The misappropriations complained of herein occurred without Plaintiff's knowledge, consent or authorization, at no point did any Plaintiff ever receive any remuneration for Defendants' improper and illegal use of their Images, and Defendants' improper and illegal use of Plaintiff's Images have caused each Plaintiff to suffer substantial damages.

***Plaintiff's Backgrounds and Careers***

24.     Davalos started modeling with her sister at the age of 10, and by the time she was 18 she was one of the most famous and successful models in Colombia, where she grew up. At age of 22, Davalos became the face of the world famous Besame lingerie line, and since then has earned a reputation as a Latin supermodel. She has appeared in hundreds of magazine editorials, catalogues, runway shows and covers, including *Maxim*, *Imagen*, *Besame*, SOHO TV, Rumbas de la Ciudad, La Granja Tolima, Kiss Catalogue, Deluxe Jeans, Revista Soho, SCRIBE, Coed People, La Gemela mas Dulce, Para Hombre, Spiritual Jeans and Satori.

25.     That we know of, Davalos is depicted in the advertisements in Exhibit "A" to promote Nunez Dental online, in the Nunez Dental office, in Nunez Dental brochures, and otherwise.  The images contained in these advertisements were intentionally altered to make it appear that Davalos was a patient of Nunez Dental, sponsored or promoted Nunez Dental, or was otherwise associated or affiliated with Nunez Dental.

26.     Davalos has never been a patient of Nunez Dental, has never sponsored or promoted Nunez Dental, has never been otherwise associated or affiliated with Nunez Dental,

received no remuneration for Nunez Dental's repeated use of her image in advertising, and suffered, and will continue to suffer, damages.

***Defendants' Business***

27.     Upon information and belief, Defendants operated, during the relevant time period, Nunez Dental, a dental practice in Jackson Heights, Queens.

28.     Upon information and belief, and in furtherance of its promotion of its practice, Defendants own, operate and control the Nunez Dental social media accounts, including its Facebook, Twitter, and Instagram accounts.

29.     Defendants used these Facebook, Twitter, and Instagram accounts to promote Nunez Dental, and to attract patrons thereto.

30.     Defendants did this for its own commercial and financial benefit.

31.     Defendants have used, advertised, created, printed and distributed the Images of Plaintiff, as further described and identified above, in order to create the false impression with potential clientele that each Plaintiff was a patient of Nunez Dental, sponsored or promoted Nunez Dental, or was otherwise associated or affiliated with the practice.

32.     Defendants used Plaintiff's Images and created the false impression that she was a patient of Nunez Dental, or endorsed or was otherwise associated with Nunez Dental, in order to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

33.     As Defendants were at all times aware, at no point has Davalos ever been affiliated with or a patient of Nunez Dental, and at no point has Davalos endorsed Nunez Dental.

34.     All of Defendants activities, including their misappropriation of Davalos' Images,

and publication of same, were done without the knowledge or consent of Davalos, and

Defendants did not compensate Davalos for their use of her Images.

35.    As such, Plaintiff have never received any benefit for Defendants use of their

Images.

***Standard Business Practices in the Modeling Industry***

36.    It is common knowledge in the modeling industry that the hiring of a model for a

commercial purpose involves a particularized methodology and process.

37.    The fee that a professional model, such as each of the Plaintiff, will receive is

negotiated by her agency, and involves consideration of, without limitation, at least the following

factors: a) the reputation, earning capacity, experience, and demand of that particular model; b)

the location where the photo shoot takes place, and the length thereof; c) where and how the

images are going to be used by the client (*e.g.*, company website, social media, television

commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the

"term") the rights to use the photos will be assigned.  Most licenses to use a model's image are

for 1, 2, or 3 year terms; but almost never is there a "lifetime" term.

***Defendants' Misappropriation of Plaintiff's Images***

38.    As detailed above, Defendants knowingly, and without the prior consent of

Plaintiff, invaded Plaintiff's privacy by using her Images for commercial purposes in order to

promote Nunez Dental by and through various marketing and promotional mediums including,

without limitation, the Nunez Dental website, Twitter, Facebook, and Instagram accounts,

brochures, posters, and otherwise. .

39.    Defendants showcased Davalos' Images to create the false impression that she

was a patient of Nunez Dental, that she sponsored or promoted Nunez Dental, and/or that she

was otherwise associated or affiliated with Nunez Dental.

40.     Defendants did so to attract clientele to Nunez Dental and thereby generate revenue for Defendants.

41.     Defendants were aware that, by using Davalos Images, they were violating Davalos' right to privacy, her right of publicity, and creating a false impression to potential customers that Plaintiff was a patient at Nunez Dental, or sponsored or was otherwise affiliated with same.

42.     Davalos alleges that any improper or unauthorized use of her Images substantially injures her career.

43.     At no point was any Plaintiff ever contacted by any Defendant, or any representative of any of the Defendants, to request the use of any of Plaintiff's Images.

44.     No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiff's Images.

45.     No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including the Nunez Dental Twitter, Facebook, or Instagram accounts.

46.     Defendants used Plaintiff's Images without her consent, and without providing remuneration, in order to permanently deprive Plaintiff of her right to use her Images.

47.     Upon information and belief, Defendants have taken the foregoing actions with the intent of causing irreparable harm to each of the Plaintiff.

## FIRST CAUSE OF ACTION
### (Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A): False Association)

48.     Plaintiff hereby repeats and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq.* apply to Defendants, and protect Plaintiff from the conduct described herein.

50.     Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from making any false or misleading representation of fact or false designation of origins which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…." 15 U.S.C. §1125(a)(1)(A).

51.     Defendants used Plaintiff's image, likeness and/or identity as described herein without authority in order to create the perception that Plaintiff was a patient of or was otherwise affiliated with Nunez Dental, endorsed Defendants' businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendants' businesses, Nunez Dental, and/or Nunez Dental's events and activities.

52.     Defendants' use of Plaintiff's image, likeness and/or identity to advertise, promote and market Defendant's business and activities as described in this Complaint was false and misleading and likely to cause consumer confusion.

53.     Defendants' unauthorized use of Plaintiff's image, likeness and/or identity as described in this Complaint constitutes false association by suggesting or implying, among other things, that Plaintiff was a patient at or was otherwise affiliated with Nunez Dental and/or endorsed Defendants' business, events or activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants' business, events and activities and/or that Plaintiff would participate in or appear at the specific events promoted in the advertisements.

54.     Defendants' false association described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Nunez Dental, as to the general quality of patients of Nunez Dental and in their events, as well as specifically whether Plaintiff was a patient at or was otherwise affiliated with Nunez Dental, endorsed Defendants' business, events or activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants' businesses or Nunez Dental's events and activities.

55.     Upon information and belief, Defendants' false association described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiff was a patient at or otherwise affiliated with Nunez Dental, endorsed Defendants' business, events and activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants' business or Nunez Dental's events and activities.  Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to use Nunez Dental as their dentist, and had a material effect and impact on the decision of members and prospective members and participants to become patients of Nunez Dental.

56.     Defendants' advertisements, promotions and marketing of Nunez Dental and events at Nunez Dental occur in and are targeted to interstate commerce. Specifically, Defendants promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendants use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure attendance at Nunez Dental.

57.     Defendants' unauthorized use of Plaintiff's image, likeness and/or identity as described herein was designed to benefit Defendants' businesses interests by, among other

things, promoting Nunez Dental and its activities and attracting clientele to Nunez Dental.

58.     Defendants knew or should have known that their unauthorized use of Plaintiff's image, likeness and/or identity would cause consumer confusion as described in this Complaint.

59.     Defendants' unauthorized use of Plaintiff' image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a)(1)(A) and was wrongful.

60.     Defendants' wrongful conduct as described herein was willful.

61.     As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

62.     Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiff of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiff.

63.     The method and manner in which Defendants used the images of Plaintiff further evinces that Defendant were aware of or consciously disregarded the fact that Plaintiff did not consent to Defendants' use of the image to advertise Defendants businesses.

64.     Defendants' unauthorized use of Plaintiff' image, likeness and/or identity directly and proximately caused and continue to cause damage to Plaintiff in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B): False Advertising)

65.     Plaintiff hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq.* apply to Defendants, and protect Plaintiff from the conduct described herein.

67.     Specifically, the Lanham Act prohibits a party in commercial advertising and promotion from "misrepresent[ing] the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services or commercial activities . . .".  15 U.S.C. §1125(a)(1)(B).

68.     Defendants used Plaintiff's image, likeness and/or identity as described herein without authority in order to create the perception that Plaintiff was a patient of or was otherwise affiliated with Nunez Dental, endorsed Defendants' businesses and activities, and/or consented to or authorized Defendant to use her image in order to advertise, promote, and market Defendants' businesses, Nunez Dental, and/or Nunez Dental's events and activities.

69.     Defendants' use of Plaintiff's image, likeness and/or identity to advertise, promote and market Defendant's business and activities as described in this Complaint was false and misleading and likely to cause consumer confusion.

70.     Defendants' unauthorized use of Plaintiff's image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Plaintiff was a patient at or was otherwise affiliated with Nunez Dental and/or endorsed Defendants' business, events or activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants' business, events and activities and/or that Plaintiff would participate in or appear at the specific events promoted in the advertisements.

71.     Defendants' false advertising described above has the capacity or tendency to confuse consumers, including actual and prospective patrons of Nunez Dental, as to the general quality of patients of Nunez Dental and in their events, as well as specifically whether Plaintiff was a patient at or was otherwise affiliated with Nunez Dental, endorsed Defendants' business, events or activities, or consented to or authorized Defendants' usage of her image in order to

12

advertise, promote, and market Defendants' businesses or Nunez Dental's events and activities.

72.    Upon information and belief, Defendants' false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiff was a patient at or otherwise affiliated with Nunez Dental, endorsed Defendants' business, events and activities, or consented to or authorized Defendants' usage of her image in order to advertise, promote, and market Defendants' business or Nunez Dental's events and activities.  Among other things, upon information and belief, such unauthorized use misled and served to entice consumers and prospective consumers to use Nunez Dental as their dentist, and had a material effect and impact on the decision of members and prospective members and participants to become patients of Nunez Dental.

73.    Defendants' advertisements, promotions and marketing of Nunez Dental and events at Nunez Dental occur in and are targeted to interstate commerce. Specifically, Defendants promote their businesses and events through interstate promotions and campaigns to target persons from different states throughout the United States. Defendants use the World Wide Web, social media and other vehicles of interstate commerce to advertise, market, promote, and entice or lure attendance at Nunez Dental.

74.    Defendants' unauthorized use of Plaintiff's image, likeness and/or identity as described herein was designed to benefit Defendants' businesses interests by, among other things, promoting Nunez Dental and its activities and attracting clientele to Nunez Dental.

75.    Defendants knew or should have known that their unauthorized use of Plaintiff's image, likeness and/or identity would cause consumer confusion as described in this Complaint.

76.    Defendants' unauthorized use of Plaintiff' image, likeness and/or identity as described herein violates 15 U.S.C. §1125(a)(1)(A) and was wrongful.

13

77.     Defendants' wrongful conduct as described herein was willful.

78.     As such, the present case is an exceptional case warranting an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

79.     Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiff of a property interest, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiff.

80.     The method and manner in which Defendants used the images of Plaintiff further evinces that Defendant were aware of or consciously disregarded the fact that Plaintiff did not consent to Defendants' use of the image to advertise Defendants businesses.

81.     Defendants' unauthorized use of Plaintiff' image, likeness and/or identity directly and proximately caused and continue to cause damage to Plaintiff in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Common Law Trademark Infringement)**

82.     Plaintiff hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

83.     Plaintiff has a valid trademark in her likeness and persona.

84.     Defendants operated the Nunez Dental website and social media accounts in order to promote Nunez Dental, to attract clientele thereto, and to thereby generate revenue for Defendants.  As such, Defendants' operation of the website and social media accounts, and their publication of Images thereon, was consumer-oriented in nature.

85.     Defendants published Plaintiff' Images on the Nunez Dental website, social media accounts and otherwise to create the false impression that Plaintiff was a Nunez Dental patient, that she endorsed Nunez Dental, or that she was otherwise associated or affiliated with Nunez

Dental.

86.     As such, Defendants' intent in publishing Plaintiff's Images was to mislead the public as to Plaintiff's status as a patient of and/or affiliation with Nunez Dental

87.     As Defendants were at all times aware, Plaintiff never was a patient of Nunez Dental, never agreed to endorse same and never had any affiliation with same.

88.     Defendants' publication of Plaintiff's Images was done without Plaintiff's consent and was misleading in a material respect because it created the impression that Plaintiff was affiliated with or a patient of Nunez Dental.

89.     As a result of Defendants' unauthorized and misleading publication of Plaintiff's Images on the Nunez Dental website, social media accounts, and otherwise, Plaintiff's reputation was injured, and each of the Plaintiff' ability to market herself as a model was injured, and she was deprived of income owed her for appearing in Defendants' advertisements.

90.     As a result of Defendants' unauthorized and misleading use of Plaintiff's Images, Plaintiff has suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
### (Violation of N.Y. Civ. Rights Law §§ 50-51)

91.     Plaintiff hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

92.     As set forth herein, Defendants have violated N.Y. Civil Rights Law §§ 50-51 by invading Plaintiff's privacy, misappropriating her likeness, and publishing in Nunez Dental advertisements altered Images of Plaintiff.

93.     At all relevant times, the Nunez Dental website and social media accounts were used and operated by Defendants for advertising and trade purposes.

94.     The Nunez Dental website and social media accounts were designed to attract business to Nunez Dental and generate revenue for Defendants.

95.     Upon information and belief, Defendants use of Plaintiff's Images did in fact attract clientele and generate business for Nunez Dental.

96.     At no point did any Defendant ever receive permission or consent, be it written or otherwise, to use Plaintiff's Images in their advertisements.

97.     Defendants were at all relevant times aware that they never received Plaintiff's permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote Nunez Dental.

98.     At no point did Defendants ever compensate Plaintiff for their use of her Images.

99.     No applicable privilege or authorization exists for Defendants' use of Plaintiff's Images.

100.     As set forth in the attached exhibits, Defendants' repeatedly republished images of Davalos in different mediums, at different times, and in different formats.

101.     Plaintiff is informed and believe and hereon allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

102.     Upon information and belief, these new advertisements did in fact reach new audiences.

103.     In addition to republication in different formats and on different mediums, by publishing images of Davalos on social media threads that over time, are (for example, but not limited to) "pushed" down in time, Defendants made the potential for discovery of their misappropriations less discoverable and more hidden.

104.     Given the nature of social media pages such as Facebook and Instagram, wherein the publication of a new advertisement or post "pushes" down the prior posts, each publication of new social media post on those mediums effectively republishes the entire page of advertisements, including those containing misappropriated images of Davalos.

105.     Thus, each subsequent publication of a different social media post effectively republishes the page, and Defendants' advertisements containing images of Davalos.

106.     Due to Defendants' violation of Plaintiff's rights of privacy and publicity under sections 50 and 51 of the N.Y. Civil Rights Act, Plaintiff has been damaged in an amount to be determined at trial and is likewise entitled to exemplary and punitive damages.

107.     In addition, and pursuant to section 51 of the N.Y. Civil Rights Act, Plaintiff hereby requests an Order permanently enjoining Defendants from violating Plaintiff's right to privacy and publicity.

108.     In addition, and likewise pursuant to section 51 of the N.Y. Civil Rights Act, Plaintiff hereby requests an award of punitive damages, in an amount to be determined at trial, due to Defendants knowing and intentional violation of their statutory rights to privacy and publicity.

## FIFTH CAUSE OF ACTION
### (Violation of N.Y. General Business Law § 349: N.Y. Deceptive Trade Practices Act)

109.     Plaintiff hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

110.     Defendants published advertisements to promote Nunez Dental and thereby generate revenue for Defendants.  As such, Defendants' operation of the website and social media accounts, and their publication of Images thereon, and publication of other

advertisements, was consumer-oriented in nature.

111.    Defendants published Plaintiff' Images on in Nunez Dental advertisements in order to create the false impression that Plaintiff was a patient of Nunez Dental, endorsed same, or was otherwise associated or affiliated with same.

112.    As such, Defendants' intent in publishing Plaintiff's Images was to mislead the public as to Plaintiff's status as a patient or affiliation with Nunez Dental.

113.    As Defendants were at all times aware, Plaintiff was never a patient of Nunez Dental, endorsed same, or was otherwise associated or affiliated with same.

114.    Defendants' publication of Plaintiff's Images was done without Plaintiff's consent and was misleading in a material respect because it created the impression that Plaintiff was a patient of Nunez Dental, endorsed same, or was otherwise associated or affiliated with same.

115.    As a result of Defendants' unauthorized and misleading publication of Plaintiff's Images in their advertisements, Plaintiff was damaged and deprived income owed her for her appearance in Defendants' advertisements.

116.    As a result of Defendants' unauthorized and misleading use of Plaintiff's Images, Plaintiff has suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## SIXTH CAUSE OF ACTION
**(Violation of N.Y. General Business Law § 360, *et seq.*: Unfair Competition)**

117.    Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

118.    Plaintiff is a well-known professional model.

119.    Plaintiff has a trademark in her image, likeness and persona.

120.    The trademark of Plaintiff is strong, insofar as each has a distinctive quality because

it is associated with each Plaintiff and has acquired a secondary meaning.

121.     Defendants created and published the Nunez Dental advertisements in order to promote Nunez Dental, to attract clientele thereto, and to thereby generate revenue for Defendants. As such, Defendants' publication of their advertisements was consumer-oriented in nature.

122.     Defendants published Plaintiff's Images in their accounts in order to create the false impression that Plaintiff was a patient of Nunez Dental, associated with same, or endorsed same.

123.     As such, Defendants' intent in publishing Plaintiff's Images was to mislead the public as to Plaintiff's status as a patient of, sponsorship of, and/or affiliation with Nunez Dental.

124.     As Defendants were at all times aware, Plaintiff never had any affiliation with Nunez Dental.

125.     Defendants' publication of Plaintiff's Images was done without Plaintiff's consent and was misleading in a material respect because it created the impression that Plaintiff was a patient of Nunez Dental, associated with same, or endorsed same.

126.     As a result of Defendants' unauthorized and misleading publication of Plaintiff's Images, Plaintiff was injured, and Plaintiff's ability to market herself as a model was injured.

127.     As a result of Defendants' unauthorized and misleading publication of Plaintiff' Images, the public will be confused as to Plaintiff's endorsement, affiliation, or association with Nunez Dental.

128.     Defendants' misappropriation and unauthorized and misleading publication of Plaintiff' Images constitutes an unfair business practice under New York law.

129.     Defendants' misappropriation and unauthorized and misleading publication of Plaintiff's Images constitutes a bad faith misappropriation of Plaintiff's Images as well as the time, effort and expenditure Plaintiff has devoted to her modeling career, and the good will and value

which emanates from same, which is exclusively the property of Plaintiff.

130.     As a result of Defendants' unauthorized and misleading use of Plaintiff's Images, Plaintiff have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

### SEVENTH CAUSE OF ACTION
#### (Common Law Unfair Competition)

131.     Plaintiff hereby repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

132.     Plaintiff is a well-known professional model.

133.     Plaintiff has a trademark in her image, likeness and persona.

134.     The trademark of Plaintiff is strong, insofar as each has a distinctive quality because it is associated with each Plaintiff and has acquired a secondary meaning.

135.     Defendants created and published the Nunez Dental advertisements in order to promote the Nunez Dental, to attract clientele thereto, and to thereby generate revenue for Defendants.  As such, Defendants' publication of their advertisements was consumer-oriented in nature.

136.     Defendants published Plaintiff's Images in their accounts in order to create the false impression that Plaintiff was a patient of Nunez Dental, associated with same, or endorsed same.

137.     As such, Defendants' intent in publishing Plaintiff's Images was to mislead the public as to Plaintiff's status as a patient of, sponsorship of, and/or affiliation with Nunez Dental.

138.     As Defendants were at all times aware, Plaintiff never had any affiliation with Nunez Dental.

139.     Defendants' publication of Plaintiff's Images was done without any Plaintiff's consent and was misleading in a material respect because it created the impression that Plaintiff

was a patient of Nunez Dental, associated with same, or endorsed same.

140.    As a result of Defendants' unauthorized and misleading publication of Plaintiff's Images, Plaintiff was injured, and Plaintiff's ability to market herself as a model was injured.

141.    As a result of Defendants' unauthorized and misleading publication of Plaintiff' Images, the public will be confused as to Plaintiff's endorsement, affiliation, or association with Nunez Dental.

142.    Defendants' misappropriation and unauthorized and misleading publication of Plaintiff' Images constitutes an unfair business practice under New York law.

143.    Defendants' misappropriation and unauthorized and misleading publication of Plaintiff's Images constitutes a bad faith misappropriation of Plaintiff Images as well as the time, effort and expenditure Plaintiff has devoted to her modeling career, and the good will and value which emanates from same, which is exclusively the property of Plaintiff.

144.    As a result of Defendants' unauthorized and misleading use of Plaintiff's Images, Plaintiff have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## DEMAND FOR JURY TRIAL

145.    Plaintiff demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request Judgment in their favor and against Defendants as follows:

(a) For actual damages, in an amount to be determined at trial, relating to Plaintiff' first through fourth causes of action;

(b) For an order permanently enjoining Defendants from using Plaintiff' Images to promote

the Club;

    (c)  For punitive damages, in an amount to be determined at trial;

    (d)  For all costs and attorneys' fees incurred by Plaintiff in the prosecution of this Action;

    (e)  For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 23, 2019

**THE CASAS LAW FIRM, P.C.**

By: /s/ John V. Golaszewski
    John V. Golaszewski, Esq.
    1740 Broadway, 15th Floor
    New York, New York 10019
    T: 855.267.4457
    F: 855.220.9626

    *Attorneys for Plaintiff*